# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENSON LANE MYERS,<br><br>                    Plaintiff,<br>  vs.<br>L E SCRIBNER, Warden; J M BUILTEMAN, Associate Warden; CHARLES RICHEY, Chaplain,<br><br>                    Defendants. | CASE NO. 09cv1425 WQH (PCL)<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Amended Motion to Dismiss filed by Defendants (Doc. # 10) and the Report and Recommendation filed by the Magistrate Judge (Doc. # 15).

## BACKGROUND

      Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, initiated this action by filing his Complaint on June 30, 2009.  (Doc. # 1).  Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 for violation his First Amendment right of free exercise of religion and a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RILUPA").  Plaintiff's claim relates to the denial of his request to have a religious feast for 800 inmates and the cancellation of worship services by the prison Chaplain, allegedly in retaliation for Plaintiff submitting a grievance form appealing the decision on the feast.  *See id.*

      Plaintiff previously filed a claim in this district based on the same incident.  *See* Compl.,

Doc. # 1, *Myers v. Scribner*, 08cv117 W (Wmc) (S.D. Cal. Jan. 1, 2008). On March 23, 2009, that case was dismissed without prejudice for failure to exhaust administrative remedies. *See* Order Dismissing Complaint, Doc. # 27, *Myers*, 08cv117 W (WMc), (S.D. Cal. Mar. 23, 2009). The Court found that Plaintiff failed to file an appeal from a first-level administrative decision on Plaintiff's grievance which denied Plaintiff's request to have 800 inmates present at his proposed feast and denied that the Chaplain cancelled worship services in retaliation for Plaintiff's appeal. *Id.*

On March 29, 2009, Plaintiff requested a second-level review of his grievance, which had initially been filed on October 8, 2007. (Doc. # 1-1 at 3). On April 1, 2009, the appeal was denied because Plaintiff had failed to appeal in a timely fashion and had not provided an explanation of the delay. *Id.* at 5. The order denying the grievance appeal informed Plaintiff that if he wished to pursue his appeal, he was required to provide an explanation of why he could not timely file his appeal. *Id.* On April 5, 2009, Plaintiff filed a second second-level appeal which stated "I'm submitting this 602 for exhaustion purposes! Your form required an explanation before proceeding so now you can give your final finding on the issue." *Id.* at 6. On April 9, 2009, Plaintiff's second-level appeal was denied as untimely filed . *Id.* at 7. Plaintiff did not file a third-level appeal.

Plaintiff then filed this Complaint. (Doc. # 1). On October 28, 2009, Defendants filed their Amended Motion to Dismiss. (Doc. # 10). The motion contends Plaintiff failed to exhaust administrative remedies, that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment, that Defendant Scribner cannot be held liable under a respondeat superior theory, that Plaintiff has failed to state a claim, and that Defendants are protected by qualified immunity. *See id.*

On May 24, 2010, the Magistrate Judge issued his Report and Recommendation ("R&R"). (Doc. # 15). The R&R concludes Plaintiff failed to exhaust his administrative remedies prior to bringing this claim. *Id.* at 5. The R&R concludes Plaintiff failed to submit an appeal of the first-level decision rejecting his grievance claim within the fifteen-day time limit to appeal. *Id.* at 6. The R&R concludes that when Plaintiff attempted to appeal the

decision over a year after receiving the initial decision, he failed to offer an explanation for the delay, even after being told by prison officials that he must do so. *Id.* The R&R concludes that Plaintiff failed to appeal the second-level appeal decision which determined his appeal was untimely to the third level. *Id.* Therefore, the R&R recommends that the Court dismiss Plaintiff's Complaint. *Id.* at 8-9.

The R&R states that objections were due on or before June 15, 2010. *Id.* at 9. Plaintiff filed an objection on June 23, 2010, which was entered on the Court's docket on June 30, 2010. (Doc. # 17). Plaintiff's objection cites a number of biblical passages and the California Department of Corrections and Rehabilitation Operations Manual. *Id.* at 2. Plaintiff also contends "that the[re] was no opportunity given for the exercise of the grievance system according to said system outlined by the report in accordance with the time line." *Id.* The Court extended the date to reply to Plaintiff's objection until July 15, 2010 to allow Defendants to file any response to the late-filed objection. (Doc. # 18). Defendants did not file a reply.

## APPLICABLE LAW

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Even if the remedies are no longer "available" to a prisoner as a practical matter because the prisoner has failed to timely file, the prisoner may not simply sue in federal court.

1 *See Woodford v. Ngo*, 126 S.Ct 2378, 2386 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*

The Court has reviewed *de novo* the Magistrate Judge's determination that Plaintiff failed to exhaust. The Court has also reviewed the documents Plaintiff attached to the Complaint, in particular the record of Plaintiff's administrative proceedings after his previous lawsuit was dismissed. The Court concludes that the Magistrate Judge correctly determined that Plaintiff failed to exhaust his administrative remedies. Although Plaintiff objects that he can no longer exhaust his administrative remedies because he failed to file his second-level appeal until fifteen months after his grievance was denied, pursuant to the Supreme Court's holding in *Woodford*, Plaintiff's failure to comply with deadlines does not allow Plaintiff to bypass the exhaustion requirement.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 15) is **ADOPTED** in its entirety. Defendants' Motion to Dismiss (Doc. # 10) is **GRANTED**.

DATED: August 10, 2010

                                             **WILLIAM Q. HAYES**
                                             United States District Judge